Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 95 C 1069 | **DATE** | September 19, 2000 |
| **CASE TITLE** | Richard Kaufman, et al     v     Motorola, Inc., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ■ Pretrial conference set for 1/4/01, at 10:00 a.m.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]

Defendants' motion in limine to preclude Dr. Jarrell's testimony is granted as to his opinion on aggregate damages, and denied without prejudice as to his computation of the inflation factor. Amended pretrial order is due by 12/1/00.

(11) ■ For further detail see order attached to the original minute order.

| | | | | | |
|---|---|---|---|---|---|
| X | No notices required, advised in open court. | | | **Document Number** | |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | SEP 21 2000 | | |
| | Notified counsel by telephone. | | date docketed | 336 | |
| | Docketing to mail notices. | | docketing deputy initials | | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | | | |
| | Copy to judge/magistrate judge. | 00 SEP 20 PM 2:47 | date mailed notice | | |
| GDS | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICHARD KAUFMAN, et al., individually and on
behalf of all those similarly situated,

        Plaintiff,

    v.

MOTOROLA, INC., CHRISTOPHER B.
GALVIN and GARY TOOKER,

        Defendants.

No.    95 C 1069

Judge Robert W. Gettleman

DOCKETED

SEP 2 1 2000

## ORDER

This matter is before the court on defendants' motion in limine to preclude the expert testimony of Dr. Gregg A. Jarrell in this securities fraud class action litigation. Specifically, defendants challenge Dr. Jarrell's application of a damage model known as the "proportional trading model" to determine aggregate damages in this action.[1] The court has conducted several evidentiary hearings, heard extensive argument, and considered extensive briefing by the parties on this issue.

In Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), the Supreme Court directed district courts to perform a "gatekeeping" function in determining the reliability of expert testimony offered under Federal Rule of Evidence 702. In making that determination,

---

[1]Defendants also challenge Dr. Jarrell's computation of the inflation factor (the amount each share has been damaged), arguing that the evidence does not support Dr. Jarrell's basic assumption that defendants could have made the February 17, 1995, announcement on November 4, 1994. The court defers ruling on this aspect of defendant's motion until the evidence is presented at trial.

336

district courts were directed to consider four factors: (1) whether the theory or technique can be and has been tested; (2) whether the technique or theory has been subjected to peer review and publication; (3) the known or potential rate of error, and (4) the "general acceptance" of the theory. See Bradley v. Brown, 42 F.3d 434, 437 (7th Cir. 1994). In Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137 (1999), the Court noted that in determining reliability of expert opinion, district courts should apply the four factors set forth above flexibly.

Dr. Jarrell employed the proportional trading model to determine aggregate damages to the class in this case by multiplying the alleged per share price differential by the aggregate number of shares that were "damaged" by the alleged fraud. Thus, Dr. Jarrell attempted to calculate the number of shares that were purchased during the class period, that is after the date on which the disclosure of the "truth" about Motorola's inventories should have been made and the date on which it was actually made, a period of approximately three and one half months. Any shares purchased during the class period and sold afterwards were considered by Dr. Jarrell to be "damaged shares."

According to Dr. Jarrell, because the actual number of such shares cannot be computed empirically, a model is required to estimate the number in order to determine aggregate damages to the class. This is so because, although the actual number of shares purchased during the class period can be ascertained, a number of those purchases are not made for shareholders as such, but are purchased, for example, by specialists, for short sales and the like. Thus, as both sides agree, in determining the number of "damaged shares" purchased during the class period and sold thereafter to compute aggregate damages, one must eliminate such shares not purchased for actual investment.

2

There is no question that Dr. Jarrell is a highly qualified economist, a fact acknowledged by defendants' expert, Dr. Robert Stillman. Dr. Jarrell's expertise was also clearly demonstrated to the court by his cogent explanation of the proportional trading model and its application to the facts of this case, many of which (such as liability) were assumed by him in applying the model.

The proportional trading model does not meet any of the Daubert standards. Indeed, Dr. Jarrell candidly admitted that it did not. In his testimony, Dr. Stillman noted a test of reliability first articulated by Nobel Prize winning economist Milton Friedman: the reliability of an economic theory is tested by comparing it to reality. Dr. Jarrell agreed that this was an appropriate test, and indeed it matches the first of the four Daubert factors. Dr. Jarrell also admitted that the proportional trading model has never been tested against reality.

In addition, it was clearly established from the evidentiary hearing and the voluminous materials submitted by the parties that the proportional trading model has never been accepted by professional economists. It seems to be a theory developed more for securities litigation than anything else. Although it may be correct to conclude that some type of model is needed in order to compute aggregate damages to the class, this does not mean that absent such a computation any alleged securities law violation would go unremedied. Indeed, under the case law governing § 10(b)(5) securities actions such as this, only "actual damages" may be awarded to each shareholder. Affiliated Ute Citizens of Utah v. United States, 406 U.S. 128, 155 (1972); Rowe v. Maremont Corp., 850 F.2d 1226, 1240 (7th Cir. 1988); 15 U.S.C. § 78bb(a). Therefore, assuming liability, an adequate remedy may be fashioned by having the jury determine a per share damage loss and requiring the filing of claims by each shareholder who claims that he, she or it has been damaged.

3

At first blush, the conclusion that the proportional trading model does not pass <u>Daubert</u> muster may appear to implicate the "flat earth" theory, under which one could assume that the first person to conclude that the world was round would have been considered heretically unscientific. The difference, of course, is that the "round earth" theory was subject to testing, and proven correct. Perhaps without such proof, the first person to conclude that the world was round would not have been allowed to so testify before a jury if <u>Daubert</u> had been the law of what ever land that person lived in.

In the instant case, Dr. Jarrell testified that there was no way to actually test the reliability of the proportional trading model. Whether this is correct or not, in absence of such testing and in absence of any acceptance by the professional economists of the theory, it simply does not pass <u>Daubert</u> muster.

Defendants' motion in limine to preclude Dr. Jarrell's testimony is granted as to his opinion on aggregate damages, and denied without prejudice as to his computation of the inflation factor.

**ENTER:** **September 19, 2000**

**Robert W. Gettleman**
**United States District Judge**

4